## CIRCUIT COURT OF BALTIMORE CITY

Filed June 19, 1900.

### GEORGE BREHM
### VS.
### RICHARD B. SPERRY, ET AL.

*Rich & Bryan* and *D. M. Reese* for plaintiff.

*Gans & Haman* for defendants.

DOBLER, J.—

In this case the plaintiff seeks to compel the defendants, Sperry, Jones & Co., to surrender unto the Maryland Brewing Company, a very large amount of the stocks and bonds of said company in order to impart to all the stock of said company the quality or value which ought to have inhered to certain stock of said company, $250,000 of the preferred stock, and $250,000 of the common stock, which were passed, along with $450,000 in cash and $100,000 in bonds to the plaintiff upon the consolidation of the plaintiff's brewing property and a number of other brewing interests in Baltimore City and county into the corporation known as the Maryland Brewing Company of Baltimore City, the passing of the plaintiff's said property into said corporation having been effected by the exertions of the said Sperry, Jones & Co. acting for the plaintiff under the contract exhibited with the bill, but in alleged disregard of the terms thereof in so far as the amount of the capitalization of said company is concerned.

These transactions occurred about the 1st of March, 1899. It is not averred that the plaintiff now holds all of the securities originally transferred to him upon the consolidation above referred to, nor that the issue of stocks and bonds of the consolidated company was authorized, so far as the company itself is concerned or was in violations of the contracts between Messrs. Sperry, Jones & Co. and the other constituent members of the new company, nor is it suggested that the defendants received as agents of the plaintiff the amount of stocks and bonds which they are called upon to surrender.

At the argument it was admitted by the plaintiff's solicitors that a capitalization of $12,000,000 was authorized, according to the terms of the plaintiff's contract. In the rates agreed upon this would allow $6,428,000 of bonds, $2,786,000 preferred stock and $2,786,000 common stock.

In the bill the alleged issue is $7,303,000 of bonds, $2,750,000 in preferred stock, and $2,750,000 in common stock, from which it is apparent that there has been no actual over issue of either class of stock, but that the excess of capitalization not contemplated by the terms of the plaintiff's contract must be in the issue of the bonds alone.

Whether the $6,750,000 in bonds thus in question were issued in excess of the provisions in said contract will depend upon the construction to be put upon certain clauses thereof in connection with certain facts to be proved.

For the purposes of this demurrer, it must be assumed that bonds to this amount were issued by the company in excess of the number contemplated by the agreement between the plaintiff and the defendants, Sperry, Jones & Co.

Now if, in fact, the plaintiff holds all the stocks and securities received by him at the time of the passing of his property into the Maryland Brewing Company, the surrender to the company by Messrs. Sperry, Jones & Co., of all the securities demanded will inure to the benefit of the plaintiff so as to place him and his holding of said securities in the exact relation to the Maryland Brewing Company contemplated by the contract between himself and the defendants Sperry, Jones & Co.

It is equally true that such surrender will involve said defendants in a loss many times greater than the damages resulting to the plaintiff from the alleged breach of the contract, and there will inure to all the other holders of the company's stock a benefit to which they do not appear to be in any manner entitled.

If the plaintiff may have disposed of a portion of his stocks so received, the relief specifically prayed in the bill can afford him but a partial remedy. A suit at law will, however, furnish a complete and adequate remedy for the breach of this contract, if any such breach may be shown, because whatever damages the plaintiff has sustained has resulted from the depreciation of the value of his stocks, occasioned solely by the alleged unwarranted increase in the bonded indebtedness of the company.

Whatever uncertainty there may be as to the value of any given stock, and whatever difficulty may arise in appraising the assets, tangible and intangible, there is no doubt as to the depressing effect of the known liabili-

ties of any concern. Any increase or diminution of the bonded indebtedness must act directly to diminish or increase, in a like manner, the value of the stock in any corporation.

The measure of damages in this case would appear to be easily ascertainable, and to be that proportion of the excess of bonds which the plaintiff's original holding of stock bore to the entire amount of stock originally issued by the company, which according to the figures of the bill is one-eleventh.

Since the relief specifically sought by this bill would be oppressive upon the defendants, Sperry, Jones & Co., and it does not affirmatively appear that such relief if granted will fully satisfy the plaintiff's claim under the contract exhibited, and since the Court is of the opinion that the plaintiff has a full and complete remedy at law for the breach of said contract, the demurrer of the defendants, Sperry, Jones & Co., will be sustained, and the bill dismissed.